# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2021

Lyle W. Cayce
Clerk

No. 20-50373

Amanda P., as Parent/Guardian/Next Friend of T.P., a Minor Individual with a Disability; Casey P., as Parent/Guardian/Next Friend of T.P., a Minor Individual with a Disability,

*Plaintiffs—Appellants*,

*versus*

Copperas Cove Independent School District,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-00197

Before Owen, *Chief Judge*, and Graves and Ho, *Circuit Judges*.
Per Curiam:*

T.P. is an elementary-school student who receives special education and related services as a result of his autism, ADHD, and dyslexia. In September 2017, he moved with his family from North Carolina to Texas and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50373

began second grade in the Copperas Cove Independent School District (CCISD). Eventually, Plaintiffs became dissatisfied with the school district's provision of special education services and requested a due process hearing with the Texas Education Agency.

After the hearing, the Special Education Hearing Officer (SEHO) concluded that Plaintiffs had failed to show that CCISD had denied T.P. a free appropriate public education (FAPE) or violated the Individuals with Disabilities Education Act (IDEA). Plaintiffs filed suit to challenge the decision, and both sides moved for judgment on the administrative record. The district court denied Plaintiffs' motion but granted Defendant's motion. Like the SEHO, the district court concluded that Plaintiffs had failed to show either a procedural or substantive violation of the IDEA. Plaintiffs now contend that the district court erred in multiple respects. We disagree and affirm.

**I.**

When T.P. arrived in Texas, CCISD convened an Admission, Review, and Dismissal Committee (ARDC) to develop T.P.'s Individualized Education Program. Using in-class assessment data, the ARDC developed a program that set goals for T.P.

In December 2017, T.P.'s private therapy provider began to suspect that T.P. had dyslexia. The next month, the ARDC met to review and revise T.P.'s program. There, Plaintiffs raised concerns about T.P.'s lack of progress and requested that he be tested for dyslexia.

In February 2018, CCISD began that process by giving T.P. a dyslexia "screening"—a less intensive and comprehensive examination to determine whether a fuller, more rigorous evaluation is necessary. Plaintiffs agreed to T.P.'s screening.

No. 20-50373

In April, the ARDC discussed the screener results and recommended further assessment.  At that point, Plaintiffs consented to a Full and Individual Evaluation.  The express goal was to complete testing by late August 2018, but T.P. ended up being tested much earlier, in May.  That assessment recommended that T.P. be considered for general education dyslexia services.

CCISD later disqualified T.P. from summer school because his grades were too high.  As a result, Plaintiffs paid $7,451 for T.P. to receive academic tutoring over the summer.

In July, Plaintiffs requested that T.P. receive an Independent Educational Evaluation (IEE) in "all areas of suspected disability and need, including but not limited to Autism, Specific Learning Disability, Other Health Impairment, Occupational Therapy, Assistive Technology, and any other area of suspected disability."  CCISD granted the request but did not complete the IEE until December.

In August, Plaintiffs asked T.P.'s reading teacher about the May evaluation and the teacher agreed to allow T.P. to begin participating in her general education dyslexia class—even though the ARDC had not yet reconvened.  That same month, Plaintiffs selected an evaluator for T.P.'s IEE.

In September, the ARDC met, reviewed the May evaluation, and issued a program stating T.P. was "Dyslexia/Qualified" and would receive general education dyslexia services.  Days later, Plaintiffs filed a request for a due process hearing.

In early December, the evaluator completed T.P.'s IEE and concluded that T.P. had a Specific Learning Disability in reading, reading comprehension, reading fluency, and written expression.  That same month, the SEHO conducted a hearing.  The SEHO concluded that Plaintiffs had

failed to show that CCISD had denied T.P. a FAPE or violated the IDEA—and determined that there were "no data" supporting T.P.'s eligibility for extended school year services. Still, the SEHO ordered CCISD to put together a summer plan to address T.P.'s deficiencies. CCISD did so, and T.P. eventually attended CCISD's 2019 summer reading camp, received daily dyslexia services, and worked on other goals in his program. Two months into the 2019–2020 school year, T.P. moved to Tennessee.

## II.

"This court reviews a district court's determination as to whether a school district has provided a FAPE under IDEA as a mixed question of fact and law." *R.S. ex rel. Ruth B. v. Highland Park Indep. Sch. Dist.*, 951 F.3d 319, 328 (5th Cir. 2020). "The district court's legal conclusions are reviewed *de novo*, while findings of underlying fact are reviewed for clear error." *Id.* (quotations omitted). "Whether the student obtained educational benefits from the school's special education services is a finding of underlying fact." *Id.*

## III.

Plaintiffs make three main contentions on appeal. First, they assert that the district court erred in finding that CCISD complied with the procedural requirements of the IDEA. Second, they contend that the district court erred in finding that CCISD substantively complied with the IDEA. And third, they argue that the district court abused its discretion in denying a motion for additional evidence.

We have explained that, "[u]nder clear error review, a factual finding may be reconsidered" only when, "after reviewing all of the evidence, the court is left with the definite and firm conviction that a mistake has been committed." *A.A. ex rel. K.K. v. Northside Indep. Sch. Dist*, 951 F.3d 678, 684 (5th Cir. 2020) (quotations omitted). After carefully considering the briefs,

record, and oral arguments in this case, we are left with no such conviction. Moreover, we are unpersuaded that the district court erred in concluding that CCISD complied with the IDEA or in denying Plaintiffs' motion for additional evidence.

For substantially the same reasons articulated by the district court, we affirm its orders granting Defendant's motion for judgment on the administrative record, denying Plaintiffs' motion for judgment on the administrative record, and denying Plaintiffs' motion for additional evidence.[1]

---

[1] Amici curiae in this case battle over the impact of the Supreme Court's decision in *Endrew F. ex rel. Joseph F. v. Douglas County School District RE-1*, 137 S. Ct. 988 (2017), on our four-factor test for evaluating the sufficiency of a child's program (first articulated in *Cypress-Fairbanks Independent School District v. Michael F. ex rel. Barry F.*, 118 F.3d 245 (5th Cir. 1997)). But this court has already held multiple times that the *Michael F.* factors align with the interpretation of FAPE outlined in *Endrew F. See, e.g., A.A.*, 951 F.3d at 690 ("*Endrew F.* has not changed or eliminated our circuit's use of the 'reasonably calculated' factors as we announced them twenty-two years ago in *Michael F.*"); *id.* ("[W]e hold that *Endrew F.* did not eliminate, nullify, nor modify this circuit's practice of applying the *Michael F.* factors when evaluating the sufficiency of a child's [program].*"); *Renee J. ex rel. C.J. v. Houston Indep. Sch. Dist.*, 913 F.3d 523, 529 (5th Cir. 2019) ("In 2017, the Supreme Court held in *Endrew F.* that, to meet its substantive burden under the IDEA, 'a school must offer a[ program] reasonably calculated to enable a child to make progress appropriate in light of the child's unique circumstances.' This court recently reaffirmed the validity of the *Michael F.* test in light of *Endrew F.*") (citing *E.R. ex rel. E.R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754 (5th Cir. 2018) (per curiam)).